UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1, ANTHONY TERRELL HUDSON,

    Defendant.

_____/

Case No. 2:17-cr-20524

HONORABLE STEPHEN J. MURPHY, III

## **OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE [37]**

The United States charged Defendant Anthony Hudson with one count of in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). ECF 13. Defendant now contends that the search warrant the government relied on to discover and seize his firearms was not supported by probable cause. *See* ECF 37. He has therefore moved to suppress all physical evidence seized pursuant to the allegedly defective search warrant. *Id.* For the reasons stated below, the Court will deny the Motion.

## **BACKGROUND**

On June 14, 2017, officers executed a search warrant at 919 East Church Street, in Adrian, Michigan ("the Target Location"). ECF 37, PgID 95. The search warrant affidavit set out a six-page chronological summary of suspected criminal activity connected to the Target Location. *See* ECF 41-1[1]. The affidavit relied on three sources of information: (1)

---

[1] Defendant contests the government's June 14, 2017 seizure of firearms. The Court, therefore, will reference the June 13, 2017 search warrant produced by the government, ECF 41-1, and not the June 14, 2017 warrant referenced by Defendant, ECF 37-1.

the affiant, who has served as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") since 2015; (2) a named Special Agent with the Drug Enforcement Administration ("DEA") with twenty years' experience; and (3) a named Michigan State Police ("RHINO") Drug Unit investigator with three years' experience in that role and fifteen years' experience with the Adrian Police Department. *Id.* at 163–64. While executing the warrant, officers "found three loaded guns, miscellaneous ammunition, suspected controlled substances, drug paraphernalia, a digital scale, and other evidence at the residence." ECF 41, PgID 149.

## DISCUSSION

The Fourth Amendment to the U.S. Constitution protects "[t]he right of the people to be secure . . . against unreasonable searches and seizures[.]" U.S. Const. amend. IV. To secure the right, the Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation[.]" *Id.* "Probable cause exists when there is a fair probability, given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991) (internal quotations omitted). And an affidavit—serving as an oath or affirmation—"must contain adequate supporting facts about the underlying circumstances to show that probable cause exists[.]" *United States v. Weaver*, 99 F.3d 1372, 1377 (6th Cir. 1996).

When making a probable-cause determination, the "magistrate is simply to make a practical, common-sense decision" given the totality of the facts. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The magistrate must find only a "fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* And when reviewing a search

warrant, courts must give "great deference" to the magistrate's determination while ensuring that the magistrate "had a substantial basis for concluding that probable cause existed." *Id.* at 236, 238–39 (alterations omitted). A magistrate's probable cause determination "should be reversed only if arbitrarily made." *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006).

Here, Defendant argues that the search warrant was not supported by probable cause. ECF 37, PgID 95–96. Defendant asserts that only paragraphs twenty-three and twenty-four constitute the "meat" of the affidavit, and that those two paragraphs are factually insufficient to establish probable cause. ECF 37, PgID 96. Paragraph twenty-three states that the target location was known to be a drug house by RHINO and the Adrian Police Department as of June 12, 2017, and that those involved in drug distribution frequently carry firearms. ECF 41-1, PgID 170–71. Paragraph twenty-four states that RHINO confirmed an illegal drug deal at the Target Location within the preceding five days and that Defendant was present. *Id.* at 171. Defendant may be correct that those two paragraphs on their own would be insufficient to establish probable cause, but the several pages of specific factual allegations of suspicious activity preceding those two paragraphs indeed establish probable cause. *See* ECF 41-1, PgID 165–71.

The affidavit detailed the historical investigation into Defendant, including several pieces of specific factual indicia that Defendant was a participant in the illegal distribution of drugs and that he resided at the Target Location. The affidavit also affirmed several facts. First, a confidential informant who had proven reliable in the past, visited Defendant at the Target Location in April 2017. The informant recorded their conversation, during which Defendant showed the informant his rifle, discussed his criminal record, and

professed a willingness to use a firearm if necessary despite his criminal record prohibiting him from owning or using one. *Id.* at 169. Second, the affiant personally conducted a trash pull at the Target Location in May 2017 and recovered nineteen live rounds of rifle-caliber ammunition and green plant material that tested positive for marijuana, which corroborated the informant's information about the rifle. *Id.* at 169–70. Third, based on the affiant's training and experience, ammunition in a trash pull indicates that other ammunition and firearms were likely in a residence, and individuals possessing firearms keep them for long periods of time and store them in their residence. *Id.* at 170. Fourth, in May 2017, the informant was again with the Defendant at the Target Location, during which time the Defendant brandished a handgun. *Id.* Fifth, also in May 2017, Michigan State Police Lieutenant Hunt observed Defendant pay the Target Location's water bill. *Id.* Only then does the affidavit state that the Target Location was, at the time of the affidavit, known to be a drug house, at which an illegal drug deal occurred in the last five days, and that drug dealers frequently carry firearms. *Id.* at 170–71.

Defendant attempts to distinguish his case from *United States v. Allen*, 211 F.3d 970 (6th Cir. 2000) (en banc), by comparing it to *United States v. Weaver*, 99 F.3d 1372 (6th Cir. 1996). But *Allen* is much more analogous to the present factual scenario. In *Weaver*, the Sixth Circuit made clear that the main problem with the affidavit "[wa]s that [the affiant] possessed only [the informant's] tip linking [the defendant] to possible drug activities, yet undertook no substantive independent investigative actions to corroborate his informant's claims." *Weaver*, 99 F.3d at 1379. The Sixth Circuit further elaborated in *Allen*:

> *Weaver*'s holding that the uncorroborated search warrant was defective is limited to the facts of that case. *Weaver* does not support the general

4

> propositions that a [confidential informant]'s information must always be independently corroborated by police, or that an affidavit must in every case set out and justify a CI's expertise in identifying the particularities of the criminal activity alleged, propositions we reject[.]

*Allen*, 211 F.3d at 974. *Allen* cautioned against the risk of uncorroborated anonymous tips, but distinguished tips of known confidential informants whose information consists of "direct personal observation[s] of criminal activity." *Id.* at 976. Here, the affidavit not only contained a reliable confidential informant's direct personal observations of criminal activity, but also stated that the informant recorded his conversation with Defendant for the affiant and that the affiant then personally corroborated the information. ECF 41-1, PgID 169–70. Accordingly, the affidavit contained sufficiently reliable information to sustain a finding of probable cause.

Defendant also argues that most of the information in the affidavit was "historical in nature." ECF 37, PgID 98. The Sixth Circuit has made clear, though, that "[e]vidence of ongoing criminal activity will generally defeat a claim of staleness." *United States v. Greene*, 250 F.3d 471, 481 (6th Cir. 2001). And the Sixth Circuit has held that staleness depends on the "inherent nature of the crime" and that information can continue to support a probable cause finding for a longer period of time where there is a "continuing criminal enterprise" and the target location is a "secure operational base." *United States v. Spikes*, 158 F.3d 913, 923–24 (6th Cir. 1998) (internal citations omitted). Finally, more recent corroboration of information that otherwise might be stale can create probable cause. *See United States v. Henson*, 848 F.2d 1374, 1381–82 (6th Cir. 1988).

Here, the five above-cited facts all occurred during the two months immediately preceding the affidavit's execution. *See* ECF 41-1, PgID 169–70. The affidavit also affirms that based on the affiant's experience and training, people keep firearms and ammunition

in their homes for long periods of time. *Id.* at 170. The inherent nature of the crime of a felon in possession of a firearm is thus one for which a brief period of time between the information in the affidavit and its execution did not necessarily make the information stale. That conclusion is compounded by the six pages of information dating back to 2011 that established the ongoing nature of Defendant's criminal activity and the status of the Target Location as a secure operational base. Accordingly, the magistrate had a substantial basis for determining that probable cause existed that firearms would be found at the target location at the time the search warrant was executed.

Finally, Defendant argues that the good-faith exception does not apply because "a reasonable officer should have known that more investigation was required." ECF 37, PgID 102. As discussed above, the affidavit established probable cause and the warrant was valid, so there is no need to employ an exception to the probable cause requirement. In any event, Defendant offers no evidence or argument to show that police engaged in "deliberate, reckless, or grossly negligent conduct." *United States v. Master*, 614 F.3d 236, 243 (6th Cir. 2010).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendant's Motion to Suppress Evidence [37] is **DENIED**.

**SO ORDERED**.

Dated: September 6, 2018

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 6, 2018, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager