UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                                Case No. 2:17-cr-20524

v.                                                      HONORABLE STEPHEN J. MURPHY, III

ANTHONY TERRELL HUDSON,

    Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT [38]

On July 12, 2017, the United States filed an original complaint against Defendant Anthony Terrell Hudson and the magistrate judge issued a warrant for his arrest. ECF 1, 2. On August 3, 2017, Defendant was indicted on one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). ECF 13. Defendant was arraigned on the indictment on August 10, 2017. ECF 14.[1] Subsequently, the Court issued several stipulated orders in which the parties agreed to exclude time under the Speedy Trial Act. ECF 18, 21, 24, 25, 29, 31, 34. The stipulated orders exclude the time between September 26, 2017 and September 25, 2018 from the speedy trial clock. On July 13, 2018, Defendant filed a motion to dismiss his indictment based on violations of both the thirty-day and seventy-day provisions of the Speedy Trial Act. ECF 38. The Court reviewed the motion and finds that a hearing is unnecessary. For the reasons below, the Court will deny the motion.

---

[1] There is no separate docket number assigned to the minute entry for the arraignment, as ECF 14 applies to both Todd Shanker's attorney appearance on August 9, 2018 and the minute entry for the arraignment on August 10, 2018.

**DISCUSSION**

Under the Speedy Trial Act, "[a]ny information or indictment" must be filed within thirty days of arrest or summons. 18 U.S.C. § 3161(b). A criminal trial must then begin within seventy days from the later of when the information or indictment is filed or when the defendant appears before a judge on the charge. 18 U.S.C. § 3161(c)(1). Defendant's motion references the stipulated exclusions and the seventy-day period, but cites only provisions of the Speedy Trial Act related to the thirty-day requirement. Regardless, the Court will construe the motion as raising both issues and will address each in turn.

I. <u>Thirty-Day Requirement</u>

The Speedy Trial Act allows a maximum of thirty days to pass between a defendant's arrest or receipt of a summons on a given charge and the government's filing any indictment or information concerning the charge. 18 U.S.C. § 3161(b). Here, Defendant was arrested on July 20, 2017, *see* ECF 12, PgID 20, and the indictment was filed on August 3, 2017, ECF 13. The indictment was well within the thirty-day window, and any claim under 18 U.S.C. § 3161(b) is without merit.

II. <u>Seventy-Day Requirement</u>

A trial must commence by seventy days after the later of the indictment or arraignment. 18 U.S.C. § 3161(c)(1). *See also United States v. Blackmon*, 874 F.2d 378, 380 (6th Cir. 1989). Here, arraignment occurred latest, on August 10, 2017. ECF 14. The Court has already made findings of excludable delay and accordingly excluded the entire time period between September 26, 2017 and September 25, 2018. See ECF 18, 21, 24, 25, 29, 31, 34. Only forty-seven days, therefore, have run on the seventy-day trial clock.

The exclusions of time were made in seven separate orders. Three stipulated orders excluded the time between September 26, 2017 and January 30, 2018 to allow the parties to negotiate a plea and to allow the Defendant to file motions and conduct discovery. ECF 18, 21, 24. The Court found the time excludable under both 18 U.S.C. § 3161(h)(1)—the plea negotiations were "other proceedings"—and § 3161(h)(7)(A)—the interests of justice served by the delay outweighed the defendant and the public's interest in a speedy trial. *See* ECF 18, PgID 37–38; ECF 21, PgID 46–47; ECF 24, PgID 54–55. The stipulations explicitly stated: "[t]he Defendant has been advised regarding this request, has no objections, and concurs in the request for additional time." *See* ECF 18, PgID 36, ECF 21, PgID 45; ECF 24, PgID 53.

Parties similarly excluded the period from January 30, 2018 to May 15, 2018, under 18 U.S.C. § 3161(h)(7)(A) alone, to facilitate a potential plea and Defendant's continued motion practice. ECF 25, 29. The stipulations again included the same affirmation of Defendant's knowledge of and concurrence in the exclusion. ECF 25, PgID 58; ECF 29, PgID 71.

Moreover, the parties' stipulation excluded the time from May 15, 2018 through June 19, 2018 under 18 U.S.C. § 3161(h)(7)(A) to further negotiate a plea. They asserted significant progress in their negotiations but had yet to reach an agreement. ECF 31. The stipulation included the affirmation of Defendant's knowledge of and concurrence in the exclusion. *Id.* at 76.

Finally, the parties excluded by stipulation the period from June 19, 2018 through September 25, 2018 under 18 U.S.C. § 3161(h)(7)(A). ECF 34. The defense attorney had recently been replaced; the new attorney needed time to review the case; and both parties needed time to create a new protective order for the new attorney as well as to engage in plea negotiations or prepare for trial. *Id.* The stipulation included another affirmation of the Defendant's knowledge of and concurrence in the exclusion. *Id.* at 86.

Under § 3161(h)(1), "the plea bargaining process can qualify as one of many 'other proceedings.'" *United States v. Bowers*, 834 F.2d 607, 610 (6th Cir. 1987) (quoting *United States v. Montoya*, 827 F.2d 143, 150 (7th Cir. 1987)). Additionally, the "time for plea negotiations is excludable under the Act." *United States v. Legette-Bey*, 147 F. App'x 474, 488 (6th Cir. 2005) (citing *United States v. Cano-Silva*, 402 F.3d 1031 (10th Cir. 2005) (holding time for plea negotiations excludable under the "ends of justice" provision rather than the "other proceedings" provision)). The period from September 26, 2017 through September 25, 2018 was properly excluded under either § 3161(h)(7)(A) or § 3161(h)(1).

Defense counsel's consent to an exclusion of time under the Speedy Trial Act waives subsequent objections to such exclusions. *United States v. Monroe*, 833 F.2d 95, 99 (6th Cir. 1987). Defendant has therefore waived his objections to the entire period of excluded time.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion to dismiss the indictment [38] is **DENIED.**

**SO ORDERED**.

                                              s/Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: September 13, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 13, 2018, by electronic and/or ordinary mail.

                                              s/David P. Parker
                                              Case Manager